UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**PROTOSTAR LTD**, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12659 (MFW)<br><br>Jointly Administered |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROTOSTAR LTD, ET AL.**,<br><br>Plaintiff,<br><br>v.<br><br>**THE BANK OF NEW YORK MELLON (AS SUCCESSOR IN INTEREST TO THE BANK OF NEW YORK), AS TRUSTEE AND COLLATERAL AGENT, AND WELLS FARGO BANK, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT**<br><br>Defendant. | Adv. Pro. No. 09-<br><br>**COMPLAINT CHALLENGING THE NATURE, EXTENT, VALIDITY, PRIORITY AND PERFECTION OF CERTAIN LIENS AND SECURITY INTERESTS, AND OBJECTING TO PROOF OF CLAIM OF THE BANK OF NEW YORK MELLON** |

The Official Committee of Unsecured Creditors of ProtoStar Ltd, *et al.* (the "Committee" or "Plaintiff"), by and through its undersigned co-counsel, as and for its complaint against (i) The Bank of New York Mellon (as successor in interest to The Bank of New York) ("BNYM"), as trustee under that certain Indenture, dated as of September 28, 2006 (as amended from time to time), between ProtoStar I Ltd ("PS I"), as issuer and ProtoStar Ltd. ("ProtoStar"), and as collateral agent under that certain related Guaranty and Security Agreement, dated September 28,

---

[1] The Debtors in these cases are: ProtoStar Ltd., ProtoStar I Ltd., ProtoStar II Ltd., ProtoStar Satellite Systems, Inc., ProtoStar Development Ltd., and ProtoStar Asia Pte. Ltd.

22383/2
10/21/2009

2006 (as amended from time to time), among PS I and ProtoStar; and (ii) Wells Fargo Bank, National Association, ("Wells Fargo"), in its capacity as administrative agent for the lenders under the Debtor-In-Possession Credit Agreement, dated as of July 31, 2009 (collectively with BNYM referred to herein as the "Defendants"), respectfully alleges as follows:

### NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105, 506 and 544 of title 11 of the United States Code (the "Bankruptcy Code") seeking to compel the Defendant to establish the extent, validity and priority of its alleged liens and claims against the assets of PS I and its affiliated debtors (collectively, the "Debtors"), objecting to Proof of Claim No. 20 filed by BNYM (the "BNYM Claim"), and for related relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are Bankruptcy Rule 7001 and sections 105, 502, 506 and 544 of the Bankruptcy Code.

### PARTIES

4. Plaintiff is the Official Committee of Unsecured Creditors appointed by the United States Trustee for this District on August 10, 2009.

5. Defendant The Bank of New York Mellon (as successor in interest to The Bank of New York), as trustee under that certain Indenture, dated as of September 28, 2006 (as amended from time to time), between PS I, as issuer and ProtoStar, and as collateral agent under that

certain related Guaranty and Security Agreement, dated September 28, 2006 (as amended from time to time), among PS I and ProtoStar, has its principal place of business located at One Wall Street, New York, New York 10286.

6. Defendant Wells Fargo Bank, National Association, in its capacity as administrative agent for the lenders under the Debtor-In-Possession Credit Agreement, dated as of July 31, 2009, has its principal place of business at 101 Park Ave, New York, NY 10178. As set forth in detail herein, Wells Fargo is only named as a defendant for purposes of unwinding the roll-up of the WC Facility (defined below), as permitted under the PS I Final DIP Order (as defined below) if the pre-petition liens securing the WC Facility are set aside.

## FACTS COMMON TO ALL COUNTS

### A. The Chapter 11 Filings and Appointment of the Committee

7. On July 29, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

9. On August 10, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. A notice identifying the individual members of the Committee was filed on the docket on August 11, 2009 [Docket No. 98].

10. The Committee selected Lowenstein Sandler PC as its counsel, Greenberg Traurig LLP as its local counsel, and Bank Street Group LLC as its financial advisor.

### B. Pre-Petition Indebtedness

*a. Working Capital Facility*

11.     Prior to the Petition Date, ProtoStar and PS I were parties to that certain Credit Agreement, dated as of March 28, 2007 (as amended by Amendment No. 1, dated as of July 5, 2007, Amendment No. 2, dated as of February 23, 2009, and Amendment No. 3, dated as of May 29, 2009, and as otherwise amended, restated, or supplemented, the "WC Agreement"), among PS I, as borrower, ProtoStar, as guarantor, certain lenders from time to time (the "WC Lenders"), BNYM, as first lien collateral agent (the "Prepetition First Lien Collateral Agent"), and Canyon Capital Partners, LLC, as administrative agent for the WC Lenders (the "WC Facility"). The WC Agreement and all obligations under the WC Facility were allegedly secured by alleged first priority liens, subject to any alleged permitted liens, against, and alleged security interests in (i) substantially all of the PS I Assets and (ii) the equity interests of PS I held by ProtoStar (collectively, the "PS I Collateral") and the proceeds thereof. The obligations under the WC Agreement were alleged to be unsecured against ProtoStar, other than ProtoStar's pledge of its equity interests in PS I as described above. As of the Petition Date, the outstanding principal balance under the WC Agreement was alleged to be $10,000,000. Upon information and belief, the outstanding principal balance under the WC Agreement, as of the Petition Date, was alleged to be held by certain of the Secured Noteholders (as defined below).

    b. *PS I Secured Notes*

12.     PS I issued $160,000,000 of 12.5% Senior Secured Convertible Notes due 2012 (the "12.5% Secured Notes" and the holders thereof, from time to time, the "12.5% Noteholders"), pursuant to that certain indenture, dated as of September 28, 2006 (as amended by the Supplemental Indenture, dated as of February 23, 2009, and as otherwise amended, modified and supplemented from time to time (the "Secured Notes Indenture"), between PS I, as issuer, ProtoStar, as guarantor, and BNYM, as indenture trustee (the "Indenture Trustee").

BNYM also acts as collateral agent under the Guarantee and Security Agreement, dated as September 28, 2006 (as amended, modified and supplemented from time to time), among PS I, ProtoStar, as guarantor, and BNYM (the "Prepetition Secured Notes Collateral Agent"). The obligations under the Secured Notes (as defined below) are alleged to be secured by liens, subject to alleged permitted liens, against, and an alleged security interest in, the PS I Collateral. The obligations under the Secured Notes are alleged to be unsecured against ProtoStar, other than ProtoStar's pledge of its equity interests in PS I as described above.

13. On February 23, 2009, PS I offered the 12.5% Noteholders the opportunity to exchange the 12.5% Secured Notes for new notes (with the same collateral package) bearing interest at 18.0% (the "18.0% Secured Notes," and together with the 12.5% Secured Notes, the "Secured Notes," and the holders thereof, from time to time, the "18.0% Noteholders," and together with the 12.5% Noteholders, the "Secured Noteholders"). As of the Petition Date, the outstanding principal amount of the Secured Notes was alleged to be approximately $182.7 million.

### C. The PS I Final DIP Order

14. On August 24, 2009, the Bankruptcy Court entered a final order (Docket No. 162) (the "PS I Final DIP Order"), pursuant to which the Debtors were authorized to incur debtor in possession financing under that certain Debtor-In-Possession Credit Agreement (as amended in accordance with the terms thereof and the terms of the PS I Final DIP Order), by and among ProtoStar, as borrower, and PS I, as guarantor, Wells Fargo, as administrative agent for itself and the lenders thereunder, approved by the Bankruptcy Court pursuant to the PS I Final DIP Order.

15. Pursuant to the PS I Final DIP Order, the Debtors were authorized to draw funds under the approved DIP facility to pay off the WC Facility, subject to the Committee's

reservation of rights to challenge the extent, priority and validity of the WC Lenders' liens. The PS I Final DIP Order expressly provided that repayment of the WC Facility would not moot out the Committee's lien review rights and that in the event that the WC Lenders' liens were successfully challenged, that portion of the DIP applied to payoff the WC Facility would be recharacterized.

### D. The Committee's Investigation

16. In accordance with the PS I Final DIP Order, the Committee has conducted an investigation of the alleged pre-petition liens and claims securing the WC Facility and the Secured Notes. In connection with that investigation, the Defendants have failed to produce satisfactory evidence to establish that the pre-petition liens and claims securing the WC Facility and the Secured Notes were, among other things, properly perfected. Even if the alleged liens securing the WC Facility and the Secured Notes were properly perfected, the Defendants have failed to produce satisfactory evidence to establish that those liens have priority over other liens and claims that may exist.

### E. The BNYM Proof of Claim

17. On October 13, 2009, BNYM filed the BNYM Claim asserting unliquidated secured and unsecured claims against PS I.

### COUNT ONE

### (Objection to Extent, Validity, Perfection, Priority and Enforceability of Liens)

18. The allegations contained in Paragraphs 1 through 18 are incorporated herein by reference.

19. The Defendants have asserted that the WC Facility and Secured Notes are secured by perfected security interests in and/or liens against substantially all of the assets of PS I and certain assets of ProtoStar.

20. The Defendants have further asserted that they hold perfected security interests in and/or liens allegedly securing the WC Facility and Secured Notes that are subject to higher priority than any other security interests and/or liens.

21. The Defendants have failed to produce adequate evidence to establish that its security interests in and/or liens allegedly securing the WC Facility and Secured Notes are perfected in accordance with applicable law.

22. The Defendants have similarly failed to produce adequate evidence to establish that its security interests in and/or liens allegedly securing the WC Facility and Secured Notes are entitled to first priority over all other security interests in and/or liens allegedly securing the WC Facility and Secured Notes in accordance with applicable law.

23. The Committee seeks a determination as to the nature, extent, validity, perfection priority, and enforceability of the liens and claims asserted by the Defendants as to the WC Facility and Secured Notes.

## COUNT TWO

### (Avoidance And Preservation Of Liens Under Section 544 Of The Bankruptcy Code)

24. The allegations contained in Paragraphs 1 through 24 are incorporated herein by reference.

25. Pursuant to section 544(a)(1) of the Bankruptcy Code, the bankruptcy estates may act as a lien creditor and is bestowed with the rights and powers thereof.

26. BNYM failed to file a UCC-1 Financing Statement with the California Secretary of State with respect to PS I or ProtoStar, regarding any security interest it purports to have in the

assets of PS I or ProtoStar, and specifically, the PS I Assets. As a result, the alleged liens and security interests securing the WC Facility and Secured Notes are not perfected under applicable state law.

27. The Debtors' bankruptcy estates, as a perfected judgment lien creditor, are entitled to priority over the alleged liens and security interests securing the WC Facility and Secured Notes, on account of the bankruptcy estates' hypothetical judgment lien pursuant to section 544(a)(1) of the Bankruptcy Code and applicable state law.

28. Accordingly, as a hypothetical judgment lien creditor, the Debtors' bankruptcy estates may avoid the alleged liens and security interests securing the WC Facility and Secured Notes.

## COUNT THREE

**(Recovery And Preservation Of Avoided Transfers And Liens Under Sections 550 And 551 Of The Bankruptcy Code)**

29. The allegations contained in Paragraphs 1 through 29 are incorporated herein by reference.

30. Pursuant to section 550 of the Bankruptcy Code, a bankruptcy estate may recover any and all transfers avoided under section 544 of the Bankruptcy Code.

31. Pursuant to section 551 of the Bankruptcy Code, Defendants' avoided liens and security interests are preserved for the benefit of the Debtors' bankruptcy estates.

## COUNT FOUR

**(Objection to Priority of Liens Under Section 544 Of The Bankruptcy Code)**

32. The allegations contained in Paragraphs 1 through 31 are incorporated herein by reference.

33. Even assuming that the liens and security interests securing the WC Facility and the Secured Notes were properly perfected (which they are not), such liens and security interests are not entitled to priority over the rights of the Debtors' bankruptcy estates as a hypothetical judgment lien creditor, pursuant to section 544 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

34. The Committee believes that additional claims in favor of one or more of the Debtors' estates against the Defendants and/or other parties may exist. Specifically, and without limitation, the Committee believes that a colorable basis exists to equitably subordinate the liens and claims of the Defendants. The Committee is currently undertaking discovery on these issues, and will amend this Complaint as appropriate. Hence, the Committee reserves any and all rights to bring any and all such claims (and other claims) to the extent authorized by the Court and/or applicable law.

**WHEREFORE**, the Committee demands judgment pursuant to, *inter alia*, sections 506, 544 and 550 of the Bankruptcy Code, in its favor and against the Defendants as follows:

(a) directing the Defendants to prove the validity and extent of the security interests in and/or liens securing the WC Facility and Secured Notes;

(b) directing that any asserted liens or security interests securing the WC Facility and Secured Notes that were not duly perfected as of the Petition Date be declared null and void;

(c) directing that any unencumbered assets or the proceeds thereof that were conveyed to the Defendants by the Debtors on account of pre-petition secured claims during these chapter 11 cases be disgorged and returned to the estates;

(d) avoiding the liens and security interests allegedly securing the WC Facility and the Secured Notes;

(e) recovering any and all transfers avoided;

(f) preserving and transferring under section 551 of the Bankruptcy Code the liens and security interests securing the WC Facility and the Secured Notes for the benefit of, and ownership by, the Debtors' bankruptcy estates;

(g) fixing the value of the pre-petition indebtedness;

(h) recharacterizing as pre-petition unsecured debt that portion of the advances made under the Debtors' debtor-in-possession financing facility to "roll-up" the WC Facility;

(i) awarding costs of suit and reasonable attorneys' fees;

(j) awarding such other and further relief as the Court deems equitable and proper.

Dated: October 21, 2009

/s/ Jeffrey D. Prol
**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
Jason C. DiBattista, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Official Committee of Unsecured Creditors*