IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
: Case No. 09-12659 (MFW)
PROTOSTAR LTD., et al.,[1] : 
: (Jointly Administered)
: 
Debtors. : 
---------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED : 
CREDITORS OF PROTOSTAR LTD, et. al : Adv. Pro. No. 09-52279 (MFW)
: 
Plaintiff : 
: 
v. : 
: 
THE BANK OF NEW YORK MELLON (as : 
successor in interest to THE BANK OF NEW : 
YORK), as Trustee and Collateral Agent, and : 
WELLS FARGO BANK, NATIONAL : 
ASSOCIATION, as Administrative Agent, : 
BEACH POINT CAPITAL MANAGEMENT L.P., : 
BLACKROCK FINANCIAL MANAGEMENT, : 
INC., FARALLON PARTNERS, L.L.C., : 
OCTAVIAN ADVISORS, L.P., THIRD POINT : 
LLC, WEST FACE CAPITAL, INC., and ABC : 
COMPANIES 1-10, : 
: 
Defendants : 
: 
---------------------------------------------------------------x

**ADVISORS' (I) MEMORANDUM OF LAW IN SUPPORT OF THE ADVISORS'
MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT AND (II)
JOINDER IN THE MEMORANDUM OF LAW OF DEFENDANT THE BANK OF NEW
YORK MELLON, AS TRUSTEE AND COLLATERAL AGENT, IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT**

---

[1] The ProtoStar entities, together with the last four digits of their respective federal tax identification numbers, are as follows: ProtoStar Ltd. (4245) ("ProtoStar"), ProtoStar I Ltd. (1042) ("PS I"), ProtoStar II Ltd. (1244) ("PS II"), ProtoStar Satellite Systems, Inc. (2615) ("PSS"), ProtoStar Development Ltd. (none) and ProtoStar Asia Pte. Ltd. (none).

2428767

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING ................................................................... 1

SUMMARY OF ARGUMENTS .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I.    The Advisors Are Not the Proper Parties To This Adversary Proceeding And Must Be Dismissed .................................................................................................................... 3

II.    The Amended Complaint Must be Dismissed For Failure to State a Claim For the Reasons Stated in the Trustee's Memorandum of Law ....................................................... 4

CONCLUSION ......................................................................................................................... 1

2428767

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Herley Industries Inc. Sec. Litig.*,
    2009 WL 3169888 at *4-6 (E.D. Pa. 2009) ..................................................................3

2428767

## NATURE AND STAGE OF THE PROCEEDING

The Official Committee of Unsecured Creditors of ProtoStar Ltd., *et al* (the "Committee" or "Plaintiff") filed its Amended Adversary Complaint ("Amended Complaint"), (Adv. P. D.I 6)[2] on November 12, 2009, against Defendants Beach Point Capital Management L.P., Blackrock Financial Management, Inc., Farallon Partners, L.L.C., Octavian Advisors, L.P., Third Point LLC, and West Face Capital, Inc, (collectively the "Advisors"[3] or "Defendants"), asserting claims to avoid the perfected liens and security interests held by the Bank of New York Mellon ("BNYM") for the benefit of the Pre-Petition Lenders[4] (the "Lien Claims"). The Committee also seeks to disallow the Pre-Petition Lenders' claims against PS I (the "Disallowance Claim").

## SUMMARY OF ARGUMENTS

1.   As a threshold matter, the Amended Adversary Complaint against the Advisors must be dismissed as a matter of law because the Advisors are not proper parties to this action. The Advisors are not parties to the Indenture or WC Facility (as such terms are defined in the Declaration of Michael Friedman in Support Of The Advisors' Motion To Dismiss the Amended Adversary Complaint ("Friedman Decl."), which is being filed contemporaneously herewith). The Advisors are the advisors or managers to certain of the Pre-Petition Lenders and hold no direct interest in the present action.

2.   Even assuming that the Advisors are proper parties to this action – which they are not – the Amended Complaint must be dismissed as a matter of law for the reasons set forth in

---

[2] "Adv. P. D.I." shall be used to refer to earlier-filed papers in this Adversary Proceeding No. 09-52279 (MFW).
[3] The "Advisors" encompasses advisors who manage, serve as general partner or otherwise advise Pre-Petition Lenders.

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in the Final Order (I) Authorizing ProtoStar Ltd. and ProtoStar I Ltd. (A) to Obtain Post-Petition Senior Secured Super-Priority Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c)(2), 364(c), 364(d)(1), 364(e) and 507 and (B) to Utilize Cash Collateral of Pre-Petition Lenders and (II) Granting Adequate Protection to Pre-Petition Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (the "Final DIP Order") (D.I. 162).

2428767

the Memorandum of Law of Defendant The Bank of New York Mellon, As Trustee and Collateral Agent, In Support of Its Motion To Dismiss the Amended Adversary Complaint (the "Trustee's Memorandum of Law") (Adv. P. D.I. 15), which is joined in by the Advisors and incorporated by reference herein.

3. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, the Amended Complaint against the Advisors must be dismissed with prejudice.

## STATEMENT OF FACTS

Rather than restate the facts set forth in the Trustee's Memorandum of Law submitted concurrently to this Court and joined in by the Advisors, the Advisors respectively incorporate herein the Trustee's Statement of Facts, and assert below only those facts not previously provided to the Court.

The Advisors named as defendants in the Amended Complaint are the managers or advisors to certain of the Pre-Petition Lenders, but not the Pre-Petition Lenders themselves. D.I. 162[5], Final DIP Order ¶ 3 (defining Pre Petition Lenders); Friedman Decl., Exs. A and B, Indenture and WC Facility).[6] The Final DIP Order defines "Pre-Petition Lenders" as the WC Facility Lenders and the Pre-Petition Holders. D.I. 162, Final DIP Order ¶ 3. The WC Facility Lenders and Pre-Petition Holders are defined, respectively, as the lenders *party to* the WC Facility, and the Holders of the Secured Notes. *Id.* ¶¶ 1, 3 at pages 2, 3. It is the Pre-Petition Lenders that hold a direct beneficial interest in the notes or loans issued by PS I and guaranteed

---

[5] D.I. shall be used to refer to earlier-filed papers in the Chapter 11 bankruptcy proceeding Case No. 09-12659 (MFW).

[6] 5 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1357, 1363, 1364, 1366 (1969) at 593, 656, 672-73, and 680-83 (the court may also take into account on a 12(b)(6) motion, matters of public record, orders, items appearing in the record of the case, and exhibits attached to or incorporated by reference to the complaint).

2

2428767

by ProtoStar, and accordingly, in the PS I collateral. *Id.* ¶ 16 (c), (f); Friedman Decl., Exs. C and D (Guarantee and Security Agreements).

On behalf of the Pre-Petition Lenders, the Collateral Agent filed financing statements in Bermuda and the District of Columbia in order to properly register the Pre-Petition Lenders' security interests in the Debtors' property. Adv. P. D.I 6, Am. Compl. ¶¶ 2; 38-39. Those security interests are held for the benefit of the Pre-Petition Lenders, not their advisors. Friedman Decl., Exs. C and D.

## ARGUMENT

### I. The Advisors Are Not the Proper Parties To This Adversary Proceeding And Must Be Dismissed

The Advisors must be dismissed from the instant action because they are not proper parties to this litigation. The Advisors are not parties to the WC Facility or Indenture. They hold no direct interest in the collateral of the Debtors or the assets of the estates, including on account of any of the notes issued under the Indenture or loans under the WC Facility, nor are they direct beneficiaries of the challenged Pre-Petition Liens. Therefore the Advisors have no cognizable interest in the subject matter of the instant dispute.[7] *See In re Herley Industries Inc. Sec. Litig.*, No. 06-2596 (JRS), 2009 WL 3169888 at *4-6 (E.D. Pa. Sept. 30, 2009) (investment advisor cannot bring claim on its funds' behalf where it lacks a direct interest in the underlying subject matter of the action). Consequently, the Committee's challenge to the Pre-Petition Liens and claims are not properly asserted against the Advisors.

---

[7] Notably, the Committee names what appear to be the lenders, as opposed to the advisors and managers to the lenders, as defendants in the adversary complaint asserted against the PS II Lenders. *See* D.I. 499, PS II Compl. ¶¶ 17-32. The Committee offers no reason for not doing the same in the instant adversary proceeding.

II.  **The Amended Complaint Must be Dismissed For Failure to State a Claim For the Reasons Stated in the Trustee's Memorandum of Law.**

Even assuming that the Advisor Defendants are proper parties, the Lien Claims and Disallowance Claim must be dismissed with prejudice as a matter of law for the reasons stated in the Trustee's Memorandum of Law, which is joined in by the Advisors and incorporated by reference herein.

*[Remainder of page intentionally left blank]*

## CONCLUSION

For the foregoing reasons, the Court should (i) dismiss the Advisors from this action as improper parties, and (ii) dismiss the Amended Complaint with prejudice for the reasons stated in the Trustee's Memorandum of Law.

Dated:   New York, New York
         January 13, 2010

                                      MORRIS JAMES LLP

                                      /s/ Stephen M. Miller

Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: smiller@morrisjames.com
E-mail: emonzo@morrisjames.com

- and-

RICHARDS KIBBE & ORBE LLP

Michael Friedman
Keith N. Sambur
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Beach Point Capital Management L.P., Blackrock Financial Management, Inc., Farallon Partners, L.L.C., Octavian Advisors, L.P., Third Point LLC, and West Face Capital, Inc.*

2428767